No. 18,852.

JOE S. JOHNSON, AS JOHNSON'S CORNER *v.* JOHN WILLEY.
(351 P. [2d] 840)

Decided May 2, 1960.   Rehearing denied May 23, 1960.

Mr. CLAY R. APPLE, for plaintiff in error.

Mr. MYRON H. BURNETT, for defendant in error.

*In Department.*

PER CURIAM.

WE will refer to the parties by name. John Willey was the plaintiff in the trial court, wherein he brought suit against Johnson for fire damage to his truck-tractor and trailer.

Willey in his complaint alleged that his equipment came into the possession of Johnson through one of Johnson's agents, an employee, "by reason of a bailment for hire." On the trial the evidence was that the bailment was for the benefit of the bailee. Since in law the duty to return bailed property in an undamaged condition is the same whether the bailment is for hire or for the benefit of the bailee, this discrepancy between proof and allegation is not important.

The facts are not complicated. At the close of the plaintiff's case, defendant moved to dismiss the action, which was denied. The defendant declined to proceed and elected to stand on his motion to dismiss and to bring this writ of error on that point. Therefore the

evidence of the plaintiff stands admitted under such circumstances.

Willey was shipping a load of cattle to Denver. His truck was being driven by an employee, Siegfried. The driver stopped at Johnson's place of business, familiarly known as Johnson's Corner Service Station, located in Larimer County. The trial judge, a long time resident of the county, took judicial notice of the fact that this particular establishment is a well known truck stop. The driver Siegfried had been there on one other occasion, and had experienced and observed the procedure in servicing the trucks. He testified it was similiar on both occasions. On the day that the fire occurred, Siegfried drove into the service station, and, observing that there were other vehicles adjacent to the gasoline pumps and that he would not be able immediately to take on fuel, he parked his truck in an open area about 75 feet from the gas pumps. He testified that he shut off the motor, put the truck in gear and put on the hand brake; that he then went into the restaurant, also operated by the defendant Johnson, to wash up and to eat. He said he expected that while he was inside for supper his truck would be moved to the fuel pump by the service station attendant and his tank filled, just as it had been done on the previous occasion.

While the driver was in the washroom, the truck was driven by one of Johnson's employees and moved up to the pump. Its presence alongside the pump was observed by the driver as he emerged from the washroom and went into the restaurant to eat. Just as he sat down and was ordering, someone yelled out, "the truck is rolling back." The driver saw the truck rolling, and when it had moved about four feet it pulled the hose from the pump, spraying fuel over the truck and immediate vicinity. The pump's electrical mechanism ignited the volatile fluid, causing fire damage to the truck in the amount of $3,694.87.

On this evidence the court determined that the plain-

tiff had established a prima facie case in damages and that defendant should go forward to give an exculpating explanation to escape liability for returning the subject of the bailment in a damaged condition. *Nutt v. Davison,* 54 Colo. 586, 131 Pac. 390; *Weiss, et al. v. Axler,* 137 Colo. 544, 328 P. (2d) 88.

■ As previously noted, the defendant declined to put on any evidence, and, therefore, the state of the record was that the procedure followed was customarily incident to the operation of Johnson's business; that it was expected that the attendant would take the truck into possession, move it when convenient, and service it while the driver was patronizing the adjacent restaurant; that while in the possession of Johnson the damage occurred.

■ To constitute a bailment, an express agreement between the parties is not always necessary. The element of lawful possession, however created, and the duty to account for the article as the property of another, is sufficient to create a bailment. That the type of bailment created was for the benefit of Johnson, who, by reason of the service provided, sold the fuel and obtained patronage for his restaurant is apparent from the facts. 6 Am. Jur. 178, Bailments, §4. See also, *Rimmer v. Wilson,* 42 Colo. 180, 93 Pac. 1110.

The implied authority of the employee and the subsequent duty to take care of the property is discussed in *Bidlake v. Shirley Co.,* 133 Colo. 166, 171, 292 P. (2d) 749. The principles enunciated there are applicable to the case at bar, though the business operation of the Shirley Company was different.

The judgment is affirmed.

Mr. Justice Hall, Mr. Justice Day and Mr. Justice Frantz concur.