**Ernest Sampson, Jr., Plaintiff-Appellee, v. Ossie Birke-
land, d/b/a Birkeland Auto Sales, Defendant-Ap-
pellant.**

**Gen. No. 65–16–M.**

Third District.
October 19, 1965.

Reidy, Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellant.

John A. Bell, of Rock Island, for appellee.

STOUDER, J.

This is an appeal from the Magistrate Division of the Circuit Court of Rock Island County from a judgment in the amount of $700 against Appellant, the issues having been determined without a jury. No questions are raised in this appeal concerning the pleadings.

Appellee, on January 22, 1964, went to the premises on which Appellant, a used car dealer, carried on his business in the city of Rock Island, Illinois. Appellee discussed with Mr. Flack, one of Appellant's salesmen, the purchase of another automobile. The salesman permitted Appellee to take one of Appellant's cars for trial and at the same time Appellee left his own car on Appellant's lot for the purpose of appraisal and determination of trade-in allowance. The salesman, a short time later, took the car from the lot and drove it several blocks to determine its condition. Upon returning to the lot the salesman found the entrance way to the lot blocked and he thereupon parked the car of Appellee on the public street adjacent to the sales lot but on the opposite side of the street. The car was parked in a parking lane parallel with, and adjacent to, the curb, the area being unrestricted insofar as parking was concerned. Sometime later an automobile being pursued by the police first collided with the rear

portion of Appellee's automobile and then collided with an automobile owned by Appellant parked on the opposite side of the street. Appellee's automobile was damaged beyond repair.

Appellee filed this action for damages to his automobile resulting in a judgment of $700 in his favor. Appellant filed his post-trial motion for judgment in his favor which motion was denied. This appeal followed.

Appellant in seeking to reverse the judgment of the lower court contends that the relationship between the parties was that of bailor and bailee; that the bailment was for the mutual benefit of each party; that he had the duty of exercising ordinary care for the safety of the bailed property; that no reasonable inference of negligence could be drawn from the undisputed facts; and consequently that the judgment of the Court below was erroneous.

■ We believe that the relationship between the parties was that of bailor and bailee for their mutual benefit. Although our attention has not been directed to any cases involving the same factual situation as presented in the instant case nevertheless the cases of Bielunski v. Tousignant, 17 Ill App2d 359, 149 NE2d 801; Lathrop v. Goodyear Tire & Rubber Co., Inc. 325 Ill App 281, 60 NE2d 41, and Beatrice Creamery Co. v. Fisher 291 Ill App 495, 10 NE2d 220, set forth the general principles applicable.

■ The burden of proof in bailment cases is always with the bailor although the burden of going forward with the evidence shifts from the bailor to the bailee once a prima facie case has been made by the bailor. The bailor establishes this prima facie case by showing delivery of the property in good condition and failure to return the property or return of the property in a damaged condition. This creates a presumption of negligence against the bailee. The

bailee must then rebut this presumption by showing his exercise of the appropriate degree of care in the protection of the property.

The instant case involves a mutual benefit bailment wherein the gist of Appellant's liability is negligence. Appellant was required to exercise that degree of care which a reasonable and prudent person would exercise under the same or similar circumstances with respect to his own property. Appellant's rebuttal of the prima facie case made out by Appellee consisted of evidence that the bailed property was damaged by a third party fleeing from the police while the bailed property was parked on a public street in a proper manner and in an unrestricted parking area. The only question before us is whether from the undisputed evidence, there is any evidence, introduced by either party, from which Appellant's negligence can reasonably be inferred.

There was no evidence to support an inference that Appellant was required to park the car only on his own lot nor can any special conditions or limitations be inferred from the evidence or manner or purpose of the bailment. In the absence of such requirement or any special conditions or limitations, it cannot be inferred that Appellant failed in his responsibility to protect Appellee's property or that Appellant was negligent. It is, therefore, our opinion that the finding of negligence by the Court below was not supported by the evidence.

The judgment of the Circuit Court of Rock Island County being erroneous it is reversed and remanded with directions that judgment be entered in favor of Appellant.

Judgment reversed and remanded with directions.

ALLOY, P. J. and CORYN, J., concur.