JACK KIRBY, Plaintiff-Appellant, *v.* CHICAGO CITY BANK AND TRUST COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 78-1483

Opinion filed April 9, 1980.

Davidson and Schwartz, of Chicago, for appellant.

Francis D. Morrissey, Robert E. Deignan, Donald J. Brown, and Terrence M. Johnson, all of Baker & McKenzie, of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

This action was brought by Jack Kirby, plaintiff, against the Chicago City Bank and Trust Company, defendant, to recover damages resulting from the defendant's breach of an alleged bailment agreement. The plaintiff's original, first, second and third amended complaints were stricken pursuant to the defendant's motion to dismiss for failure to state a cause of action. The plaintiff elected to stand on his third amended complaint and presented a motion to vacate the order dismissing his third amended complaint. The Circuit Court of Cook County denied the plaintiff's motion, discharged the defendant and dismissed the plaintiff's lawsuit. The plaintiff appeals from this order.

The sole issue presented for review is whether the plaintiff's third amended complaint stated a cause of action upon which relief could be granted.

Count I of the plaintiff's third amended complaint alleged the creation of a bailment for the mutual benefit of the parties. The relevant portions of that count are as follows:

"1. That the Defendant, Chicago City Bank & Trust Co., is a banking institution engaged in the business of providing banking services to the general public for a profit, and one of the services rendered by the Defendant is the safe keeping of documents and notes for bank customers.

2. That the defendant [sic] was a customer of Chicago City Bank & Trust Company, and Plaintiff did conduct numerous business transactions at the Defendant institution; the Defendant receiving fees and profits from the business transaction by Plaintiff at the Defendant institution.

3. That the Plaintiff did have in his possession, a bearer note in the original sum of $215,000.00 and that the Plaintiff did, on or about January 11, 1968, forward said note to the Defendant for safe keeping * * *

4. That upon the deposit of the note with the Defendant, there did arise a mutual bailment for the benefit of both parties, and the Defendant did owe a duty of care to the Plaintiff to exercise ordinary and reasonable care for the safe keeping of said note.

5. That Defendant negligently failed to safely and securely keep said article; and, by reason of such negligency [sic], said note was lost.

* * *

7. Demand was made on the Defendant for delivery of said note; however, said Defendant insisted at that time and persists that it does not have possession of said note although Plaintiff does again affirmatively state that delivery was made to the Defendant of the note on or about January 11, 1968."

Count II of the third amended complaint alleged the creation of a bailment for the sole benefit of the plaintiff. Paragraphs 1 through 8 were restated and realleged with the exception of paragraph 4, which stated:

"4 That upon the deposit of the note with the Defendant there did arise a bailment for the sole benefit of the Plaintiff and the Defendant did owe a duty of slight care, including the duty to return the subject note upon request to the Plaintiff."

The defendant contends that the plaintiff's third amended complaint failed to state a cause of action since it did not allege the necessary elements to create a bailment and to establish its breach.

Section 31 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 31) requires that pleadings contain substantial averments of fact necessary to state a cause of action. A motion to dismiss admits as true all properly pleaded allegations and well-pleaded facts, whereas conclusions of law or conclusions of fact unsupported by allegations of specific facts are never

admitted by a motion to dismiss. (*Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101. See *Pennington v. Jones* (1977), 46 Ill. App. 3d 65, 360 N.E.2d 566.) Although pleadings should be liberally construed in order to effectuate substantial justice between the parties (Ill. Rev. Stat. 1977, ch. 110, par. 33), liberal construction cannot supply fatal deficiencies, such as the necessary factual allegations. *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182; *Pollack; Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 307 N.E.2d 749.

■■ ■ A bailment is "the delivery of goods for some purpose, upon a contract, express or implied, that after the purpose has been fulfilled they shall be re-delivered to the bailor, or otherwise dealt with according to his directions, or kept till he reclaims them." (*Knapp, Stout & Co. v. McCaffrey* (1899), 178 Ill. 107, 52 N.E. 898, *aff'd* (1900), 177 U.S. 638, 44 L. Ed. 921, 20 S. Ct. 824.) Among the necessary elements of a bailment are an agreement by the bailor to transfer or deliver and the bailee to accept exclusive possession of goods for a specified purpose, the actual delivery or transfer of exclusive possession of the property of the bailor to the bailee, and acceptance of exclusive possession by the bailee. (See *T. R. Booth & Co. v. Loy* (1968), 100 Ill. App. 2d 333, 241 N.E.2d 315.) In addition, where a bailment for the mutual benefit of the parties is alleged, the plaintiff is required to allege the existence of consideration. See *Miles v. International Hotel Co.* (1919), 289 Ill. 320, 124 N.E. 599.

■■ A bailment is a consensual relationship (*St. Paul Fire & Marine Insurance Co. v. Chicago Union Station Co.* (7th Cir. 1958), 253 F.2d 441, *cert. denied* (1958), 358 U.S. 830, 3 L. Ed. 2d 68, 79 S. Ct. 49) that can be established by express contract or implication (*Berglund v. Roosevelt University* (1974), 18 Ill. App. 3d 842, 310 N.E.2d 773). An implied-in-fact bailment is determined by the surrounding facts such as benefits received by the parties, the parties' intentions, the kind of property involved and the opportunity of each party to exercise control over the property. *Berglund.*

■ Count I of the plaintiff's third amended complaint stated that a bailment existed for the mutual benefit of the plaintiff and the defendant. However, this count did not allege an express bailment agreement, nor was one implied from the facts set forth in the complaint. The plaintiff argues on appeal that his third amended complaint set forth sufficient allegations to establish a bailor-bailee relationship through allegations of delivery of the note, an actual change of possession, and the bailee's acceptance of the note when it was deposited with the bailee bank. Although the plaintiff's complaint alleged delivery of the note to the defendant on or about January 11, 1968, nowhere in the complaint do we find an allegation concerning a change in possession of the note. Furthermore, there was no allegation of acceptance of the note by the

bank, express or implied. We cannot agree that acceptance of the note was inferred from the fourth paragraph of the plaintiff's amended complaint. That paragraph did not state the note was in fact "deposited" with the defendant, but, rather, set forth a general conclusion of law that a bailment relationship arises and a duty of care is owed "upon the deposit of the note with the defendant." Acceptance can be implied from a factual statement that the bailee took the subject matter into its possession or control (see *Smith v. Eichelberger* (1912), 175 Ill. App. 231), or that the defendant had specific knowledge that the note was entrusted to it. (*Berglund; T. R. Booth & Co.*) Such a statement was not present in the plaintiff's third amended complaint.

The plaintiff also argues on appeal that his complaint alleged that the bank received consideration by the statement that the bank received fees and profits from various business transactions of the plaintiff. The plaintiff argues that a bailment for mutual benefit can be created without actual compensation where the bailment is an incident of a business in which the bailee makes a profit or where the bailee accepts the goods because of benefits expected to accrue. To support this position the plaintiff cited cases wherein bailments for mutual benefit were found to exist when a hotel provided special storage rooms for its customers' baggage as an incident to its business (*Hotels Statler Co. v. Safier* (1921), 103 Ohio St. 638, 134 N.E. 460) and when a service station proprietor obtained patronage for fuel and restaurant facilities after accepting control of a parked truck (*Johnson v. Willey* (1960), 142 Colo. 512, 351 P.2d 840). Additional cases cited by the plaintiff held that bailments for mutual benefit arose when the bailee accepted the bailor's property on the expectation of making a sale (*Clark v. Tabers, Inc.* (Tex. Civ. App. 1932), 54 S.W.2d 262) and when the owner (bailor) left his automobile on a used car lot for purposes of appraisal and determination of tradein allowance while he test-drove one of the dealer's (bailee) automobiles. *Sampson v. Birkeland* (1965), 63 Ill. App. 2d 178, 211 N.E.2d 139.

Courts have also held, however, that the incidental prospect of future business does not supply the consideration necessary to create a mutual benefit bailment or a bailment for hire. (See Annot., 22 A.L.R. 1194 (1923).) The supreme court, in *Miles v. International Hotel Co.* (1919), 289 Ill. 320, 124 N.E. 599, held that a gratuitous bailment was created when a guest left his goods with an innkeeper after settling his bill, even though the contract of bailment was entered into partly as an inducement to the guest to return to the hotel. The court stated, "Such incidental advantage is not such compensation as is necessary to make the bailment one of hire [nongratuitous]." 289 Ill. 320, 327, 124 N.E. 599, 602.

The courts have also held that the consideration necessary to imply a mutual benefit bailment must be directly related to the property held for

safekeeping. In *Kubli v. First National Bank* (1924), 199 Iowa 194, 200 N.W. 434, the defendant bank bought and agreed to keep certain liberty bonds for the plaintiff. The court found the bank did not receive direct or indirect compensation since it could not use the deposit in its business and no profits or credit from holding the deposit arose for the benefit of the bank. The court stated:

> " 'A special bank deposit is gratuitous if it is accepted for the accomodation of the depositor, and without any undertaking by him, express or implied, to pay or do anything as compensation or reward for keeping the deposit. \* \* \* There must be a compensation of some sort actually contemplated in the contract and bargained away by the bailor. The fact that the special depositor is also a general depositor in the bank is hardly sufficient, unless the retention of the general deposit account was stipulated for. \* \* \*' "

(199 Iowa 194, 196-97, 200 N.W. 434, 436; accord, *Merchants' National Bank v. Guilmartin* (1892), 88 Ga. 797, 15 S.E. 831.) Thus, the *Kubli* court held that the bailment of the bonds was gratuitous absent a direct undertaking by the bailor to pay or do something, either expressly or impliedly, as compensation or reward for the bank's keeping and preserving the bonds.

■■ Therefore, relying on *Miles* and *Kubli*, we hold that the plaintiff's allegation that the defendant bank received fees and profits from the plaintiff's business transactions was insufficient to imply that the bank received consideration. Receipt by the bank of profits from previous banking transactions was not compensation or reward for keeping the note nor was it alleged that the retention of the plaintiff's business was stipulated for or contemplated and bargained away by the plaintiff.

■■ The plaintiff's allegation that upon the deposit of the note with the defendant a mutual bailment for the benefit of both parties existed was a legal conclusion not admitted by a motion to strike and dismiss the complaint. (See *Barnes v. Peoples Gas Light & Coke Co.* (1968), 103 Ill. App. 2d 425, 243 N.E.2d 855.) Therefore, as a result of the factual insufficiencies discussed above, count I of the plaintiff's third amended complaint failed to set forth the necessary averments of fact to imply the existence of a contractual bailment for the mutual benefit of the parties. The trial court did not err in dismissing the complaint nor in denying the plaintiff's motion to vacate the order of dismissal. A liberal construction of the pleading could not have supplied the factual deficiencies. Our holding on this issue obviates the necessity of considering whether count I of the plaintiff's complaint failed to set forth the facts necessary to allege a breach of the bailee's duty to safeguard the note.

■ Count II of the plaintiff's third amended complaint also was properly

dismissed by the trial court. As stated above, count II restated the same allegations made in count I with the exception of the fourth paragraph, which alleged the existence of a bailment for the sole benefit of the plaintiff and a duty on the part of the defendant to exercise slight care. A bailment for the sole benefit of the bailor is a gratuitous bailment, whereby the bailee voluntarily undertakes possession of the property without compensation. (See *Preston v. Prather* (1891), 137 U.S. 604, 34 L. Ed. 788, 11 S. Ct. 162; *Miles*; *Skelley v. Kahn* (1855), 17 Ill. 169.) Thus, an allegation of consideration is not necessary in an action on a gratuitous bailment. With the exception of consideration, those elements discussed with regard to count I also should have been alleged in count II. Since count II of the plaintiff's third amended complaint is identical in format and language to the statements of count I, it also lacks substantial averments of fact necessary to establish the existence of a bailment relationship upon which a breach of duty action would lie. Therefore, the trial court properly dismissed the plaintiff's second count and a discussion of the factual averments necessary to allege a breach of duty is unnecessary.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

SIMON and RIZZI, JJ., concur.