THOMAS RAJKOVICH, Plaintiff-Appellant, v. ALFRED MOSSNER COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—89—1034

Opinion filed May 25, 1990.

Andrea B. Friedlander, of Deerfield, for appellant.

Mark B. Ruda and Mark E. Condon, both of Condon, Cook & Roche, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Thomas Rajkovich appeals from the dismissal of his complaint for damages arising out of a damaged architectural drawing.

We reverse and remand.

Allegations made in the record establish that, on April 29, 1988, plaintiff, an architect, brought an architectural drawing he was preparing for display at an exhibition to defendant, Alfred Mossner Company (Mossner), to engage Mossner's services in making a photographic reproduction. Sometime after plaintiff returned to Mossner for the drawing and reproduction, however, plaintiff discovered the drawing had been creased, rendering it unsuitable for his purposes.

On June 14, 1988, plaintiff filed a verified three-count complaint against Mossner. Each count incorporated the following identical substantive allegations: when plaintiff delivered the drawing to Mossner, he instructed a "floor manager" that the drawing could not be folded because resulting creases would prevent application of water color paints necessary to complete the drawing; the individual acknowledged plaintiff's instructions; at the time plaintiff picked up the drawing, paying $9.32 for Mossner's services, the drawing was rolled around a cardboard tube, precluding detection of creases; plaintiff discovered the creases when examining the drawing at home; the drawing had to be redone because the damage was irreparable; due to the unique nature of the drawing, plaintiff alone could accomplish the task; and the effort would require 172 hours of work at plaintiff's hourly rate of $85.

Count I was based on a theory of negligence. Count II alleged a

theory of breach of contract based on an additional allegation that the contract consisted of Mossner's promise to photographically reproduce plaintiff's drawing, for a fee, without folding or creasing it. Count III alleged a theory of *res ipsa loquitur* based on an additional allegation that the drawing was in Mossner's control between the time plaintiff delivered and picked up the drawing.

Mossner subsequently moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). Following a hearing on the motion, the trial judge dismissed counts I and III of the complaint with prejudice, reasoning that the transaction was one sounding in contract, not tort. The trial judge dismissed count II, without prejudice, based on the determination that plaintiff had not adequately alleged a meeting of the minds between the parties and because the damages, as pled, were speculative. The trial judge indicated plaintiff would, if he wished, have opportunity to amend that count. Plaintiff declined, at that time, to amend count II.

This appeal followed.

OPINION

All three counts of plaintiff's complaint allege the following identical set of facts: plaintiff's temporary relinquishment of physical control over the drawing to Mossner in order to permit Mossner to make a photographic reproduction of the drawing for plaintiff for a fee. The legal effect of those allegations is to establish the parties' relationship as one for bailment, a characterization all but conceded by counsel for both parties at oral argument.

Bailments can be established by express contract or by implication and exist where personal property is delivered by one person to another for a particular purpose under an agreement that, after the purpose has been fulfilled, the same property is to be returned to the person delivering it. (See *Kirby v. Chicago City Bank & Trust Co.* (1980), 82 Ill. App. 3d 1113, 403 N.E.2d 720; 8 C.J.S. *Bailments* §§2, 5, 12 (1988).) Although several different types of bailments are recognized at common law, plaintiff's allegations establish that the bailment in the instant case was one for the parties' mutual benefit because the agreement contemplated compensation in return for work performed with regard to the personal property delivered. (S. Williston, Contracts §§1032, 1040 (3d ed. 1967).) In some ways, the transaction alleged is similar to that involving the processing of photographic film, which, we note, has been recognized in other jurisdictions as bailment. See *Morgenstern v. Eastman Kodak Co.* (1983, N.D. Ohio),

569 F. Supp. 474; *Carr v. Hoosier Photo Supplies, Inc.* (Ind. App. 1981), 422 N.E.2d 1272, *vacated on other grounds* (1982), 441 N.E.2d 450.

Keeping in mind the parties' relationship in review of the dismissal of plaintiff's complaint, we must determine whether plaintiff could properly plead alternative theories of recovery for damage to the drawing sounding in tort and contract based on the facts as alleged. We must also consider whether, in regard to count II, plaintiff's complaint properly alleges a cause of action for breach of contract.

■ There exists little authority in this State regarding choice of remedies available to a bailor where the subject personal property has been damaged by the bailee. Generally, it has been recognized that "where a bailee for mutual benefit fails to exercise proper care for the property and it is damaged, the bailor may maintain an action against him in the nature of an action in assumpsit for his breach of contract or he may maintain an action sounding in tort." (8 C.J.S. *Bailments* §104 (1988).) However, it is also recognized that "where the bailee's breach of contract is simply the neglect of a duty expressly provided for by the contract itself, the action will be construed as ex contractu and not for tort." 8 C.J.S. *Bailments* §104 (1988).

■ In the instant case, each count of plaintiff's complaint alleged injury arising entirely within the context of plaintiff's engagement of Mossner's services to make a photograph reproduction of the drawing. And each count alleged the injury occurred contrary to plaintiff's express instructions not to crease the drawing. While it might be argued the alleged instructions further delineated terms of the parties' agreement, such that Mossner's alleged breach could be considered simple neglect of duty, we do not view those allegations in such fashion so as to limit plaintiff's choice of remedies. Mossner's obligation at law as a bailee for mutual benefit would be to exercise reasonable care so as not to damage plaintiff's drawing. (See *Sampson v. Birkeland* (1965), 63 Ill. App. 2d 178, 211 N.E.2d 139; S. Williston, Contracts §1034 (3d ed. 1967).) The allegations respecting plaintiff's instructions cannot be considered more than an explicit statement of Mossner's existing legal obligation. We therefore do not agree that counts I and III should have been dismissed on the basis that plaintiff's action was exclusively one based on contract.

■ Further, we note, with regard to damages alleged in counts I and III, it has been recognized that where personalty is bailed for the purpose of having work done thereon and the article is damaged so as to have lost its value, the bailee may recover, in tort, the value of the item. (8 C.J.S. *Bailments* §104 (1988).) Illinois courts have also recog-

nized, within the context of tort actions, that the value of destroyed personal property is measured according to its fair market value before destruction. (See *Tozzi v. Testa* (1981), 97 Ill. App. 3d 832, 423 N.E.2d 948.) The absence of an established fair market value, however, does not necessarily preclude an action for loss of personal property. Damages may be ascertained based on replacement cost, value to plaintiff, or by other rational means and from such elements as are obtainable. See *Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 327 N.E.2d 346.

■ In the instant case, because plaintiff alleged the drawing was intended for exhibition, plaintiff could not satisfy the element of alleging damages to support an action in tort in counts I and III based on market value of the drawing. However, although plaintiff may not be successful in actually establishing the replacement cost of the drawing as alleged in the complaint, those allegations are sufficient to supply the requisite element of damages to support tort actions in counts I and III to withstand a motion to dismiss under section 2—615.

■ ■ As to count II, we have noted above that where the bailee has damaged personal property of the bailor, the bailor may seek recovery against the bailee for breach of contract. In that regard, the rules applicable to determine the sufficiency of allegations necessary to support actions, generally, apply, as well, in an action between a bailor and bailee. (8 C.J.S. *Bailments* §109 (1988); see also *Kirby v. Chicago City Bank & Trust Co.* (1980), 82 Ill. App. 3d 1113, 403 N.E.2d 720.) In order to successfully state a cause of action for breach of contract, a party must allege the existence of a valid and enforceable contract, breach of contract by defendant, plaintiff's performance of all conditions required of him, and existence of damages as a consequence of breach. *Allstate Insurance Co. v. Winnebago County Fair Association, Inc.* (1985), 131 Ill. App. 3d 225, 475 N.E.2d 230.

As to the first three elements of the contract action stated in count II, plaintiff sufficiently alleged the existence and terms of an oral agreement between the parties for Mossner to make a photographic reproduction of the drawing, for a fee, without creasing it, that he paid Mossner the $9.23 fee for the service, and that Mossner breached the agreement by creasing the drawing.

As to damages, plaintiff alleged that, as a direct result of the breach, defendant was required to recreate the drawing and that damages should be measured according to the time it took plaintiff to recreate the drawing multiplied by plaintiff's hourly rate. Generally, in actions based on a contract, the nonbreaching party may recover only

those damages which are reasonably foreseeable and within contemplation of the parties at time the contract was executed. (*M.A. Lombard & Son Co. v. Public Building Comm'n* (1981), 101 Ill. App. 3d 514, 428 N.E.2d 889.) While plaintiff has not specifically alleged, in count II, that the parties contemplated damages for breach could amount to the time it took plaintiff to recreate the drawing at plaintiff's hourly rate, we are aware of no authority indicating plaintiff's contract action must fail for that reason. Plaintiff has alleged damages flowing directly from the breach, which allegations, we believe, are sufficient to withstand the motion to dismiss. Whether plaintiff can prove that such damages, as alleged, were contemplated by the parties at the time the contract was executed must await determination by the trier of fact.

For reasons stated above, we reverse the order of the circuit court dismissing plaintiff's complaint and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

COCCIA, P.J., and GORDON, J., concur.