Debra MATEI, as Special Administrator of the Estate of Dennis Matei, Deceased, Plaintiff–Appellant, Cross–Appellee,

v.

CESSNA AIRCRAFT COMPANY, Defendant–Appellee, Cross–Appellant,

and

Robert Hansel, Defendant–Appellee.

Nos. 93–3172, 93–3373.

United States Court of Appeals, Seventh Circuit.

Argued April 22, 1994.

Decided Sept. 15, 1994.

that TRRA would be adequately insured against loss.

Kenneth C. Miller (argued), Chicago, IL, Salvatore Salibello, Morristown, NJ, for Debra A. Matei.

Michael M. Lane, Ann P. Goodman (argued), Patrick M. Graber, McCullough, Campbell & Lane, Chicago, IL, for Cessna Aircraft Co.

William G. Stone, James R. Branit (argued), Bullaro, Carton & Stone, Chicago, IL, for Robert W. Hansel.

Before BAUER and FLAUM, Circuit Judges, and GRANT, District Judge.*

GRANT, District Judge.

Dennis Matei, a commercial pilot, died in a plane crash on January 29, 1987. The alleged proximate cause of the crash and his death was a failure of the instrument control lighting system. Mrs. Matei, as special administrator of her husband's estate, brought suit against the manufacturer of the aircraft, Cessna Aircraft Company, and its owner, Robert Hansel. The district court granted summary judgment for Hansel finding that he was not liable under Illinois' common law of bailment and 49 U.S.C. App. § 1404 because he had leased the aircraft to Prompt Air, Inc., the decedent's employer, did not have possession or control of the aircraft at the time of the crash, and had no knowledge of the alleged defects at the time he transferred possession.

A first trial against Cessna ended in a mistrial after two of plaintiff's expert witnesses offered testimony which varied from that provided during their depositions. Although reluctant, the district court found that a mistrial was necessary to afford Cessna's counsel an adequate opportunity to rebut the new evidence. Cessna thereafter filed a motion for sanctions under Fed. R.Civ.P. 37(d) and 28 U.S.C. § 1927 based on plaintiff's failure to supplement her answers to Cessna's interrogatories regarding the substance of the experts' testimony in violation of Fed.R.Civ.P. 26. That motion was denied.

---

* The Honorable Robert A. Grant of the United States District Court for the Northern District of Indiana is sitting by designation.

At the conclusion of the second trial, the district court submitted special interrogatories which asked the jury to determine the following issues of fact:

1. Was the Cessna 210N 4968C ("the aircraft") reasonably safe for the purposes for which it was sold including reasonably foreseeable uses such as instrument flying in October 1979 when it left the control of THE CESSNA AIRCRAFT COMPANY?

2. Was a condition or defect which made the aircraft not reasonably safe a proximate cause of the crash?

3. Did Dennis Matei assume any risk of his injury?

4. What percentage of the total proximate cause of Dennis Matei's injury was Dennis Matei's assumption of risk?

The jury answered the first question in the affirmative and, pursuant to its instructions, proceeded no further.[1] The district court thereafter entered judgment for the defendant, Cessna Aircraft Company, but directed on the record and without explanation that the judgment be without costs. Due to a clerical error, however, the final judgment entered by the Clerk's office on April 15, 1993 omitted the district court's ruling with respect to costs. Although Cessna was aware of the mistake, it nevertheless saw what it perceived to be a golden opportunity, and filed its bill of costs. On plaintiff's motion, the district court corrected the judgment to reflect its earlier directive, explained its rationale, and struck Cessna's bill of costs. This appeal and cross-appeal followed.

## I. DISCUSSION

### A. HANSEL'S LIABILITY AS OWNER/LESSOR

■ The district court found that Hansel was not liable under the Federal Aviation Act, 49 U.S.C. App. § 1404, or Illinois' common law of bailment because the undisputed evidence showed that he leased the aircraft to Prompt Air on March 16, 1986; that

Prompt Air had exclusive possession and control of the aircraft from that time to the date of the crash; and that Hansel had no knowledge of the alleged defects in the lighting system at the time he transferred possession. Mrs. Matei disagrees. She contends that Hansel's answers to her interrogatories, his deposition testimony, the maintenance history of the aircraft and the terms of the insurance policy which covered the aircraft all demonstrate the existence of material issues of fact which should have been tried by a jury. Her arguments, unfortunately, come too late and are supported by too little.

The Federal Aviation Act provides in pertinent part that:

... [N]o lessor of any [civil] aircraft ... under a bona fide lease of thirty days or more, shall be liable by reason of ... his interest as lessor or owner of the aircraft ... so leased, for any injury to or death of persons ... caused by such aircraft *unless such aircraft ... is in the actual possession or control of such person at the time of such injury, death, damage or loss.*

(Emphasis added). 49 U.S.C. App. § 1404. So too, under the common law of bailment in Illinois, a bailor is liable for a third party's injuries only if:

(1) he supplied the chattel in question[;] (2) the chattel was defective at the time it was supplied[;] (3) the defect could have been discovered by a reasonable inspection, when inspection is required (*i.e.*, where the danger of substantial harm because of the defect is great ...)[;] and (4) the defect was the proximate cause of the injury.

*Brooks v. Essex Crane Rental Corp.*, 233 Ill.App.3d 736, 174 Ill.Dec. 565, 567, 599 N.E.2d 111, 113 (4 Dist.1992) (quoting *Huckabee v. Bell & Howell, Inc.*, 47 Ill.2d 153, 265 N.E.2d 134, 137 (1970)). *See also, Witt v. John Hennes Trucking Co.*, 49 Ill.App.2d 391, 199 N.E.2d 231, 234 (1964); *Chambliss*

---

1. The questions were in sequential order. The jury was instructed after each question to answer "Yes" or "No". If the answer to the first question was no, they were directed to proceed to the second question. If the answer was yes they were instructed not to answer any further ques-

tions. If they answered yes to the second question, they were to proceed to the third; and if they answered yes to the third question they were to proceed to the fourth. If the jury answered no to questions 2 or 3 they were instructed to stop.

*v. Walker Construction Co.*, 46 Ill.App.2d 287, 197 N.E.2d 83, 86 (1964).

Hansel contends that as the lessor and/or bailor of the Cessna aircraft he was entitled to judgment under both federal and state law. In support of his motion for summary judgment, Hansel submitted his own affidavit and that of Prompt Air's president, Scott Filine, and his successor, Alan Kaufman. All attest that an oral lease agreement had existed between Hansel and Prompt Air since March 16, 1986 which gave Prompt Air exclusive possession and control of the aircraft. Under the terms of that lease, Prompt Air undertook the obligation to maintain and repair the aircraft, using properly certified, qualified and trained personnel, and agreed to indemnify Hansel for any liability which might arise from the ownership of the aircraft. According to Hansel's sworn testimony, the aircraft maintenance records indicated that Fairfield Aviation, the prior lessee, had conducted a 100–hour inspection of the aircraft on February 18, 1986, and had performed any maintenance or repair work which was required to make the aircraft airworthy. Hansel and Filine both attest that the aircraft "was in safe and airworthy condition, and the instrument and control lighting circuits were in good working order" when Prompt Air assumed possession on March 16, 1986.

Mrs. Matei produced no evidence in rebuttal, but merely reasserted the allegations of her complaint. The district court thus adopted the undisputed affidavits of Hansel, Filine and Kaufman as fact, and directed judgment for Hansel.

On appeal, Mrs. Matei attempts to correct the oversight by producing evidence which she contends clearly establishes the existence of material issues of fact as to the existence of the lease, Hansel's control of the aircraft, and his knowledge of the alleged defects, *i.e.,* Hansel's answers to interrogatories, his deposition, the maintenance history of the aircraft and the insurance policy which covered the aircraft. We find nothing in any of these documents, however, which would have precluded summary judgment.

The insurance policy to which Mrs. Matei refers contained the following endorsement:

"It is agreed that the following aircraft is (are) under a current and valid written lease agreement to the named insured by the owner of said aircraft ..." Mrs. Matei contends that coverage under the policy thus applied only while the aircraft was operated under a written lease agreement, that benefits were paid out under the policy as a result of the crash, and that a written lease must therefore have existed. She boldly asserts that Hansel, Filine and Kaufman conspired with the insurance company to commit perjury and defraud the court when they stated under oath that the lease was oral. The inference which Mrs. Matei would have the court draw from a single line of an endorsement on an insurance policy is unreasonable and unjustifiable. There is absolutely no evidence to support Mrs. Matei's claim that a written lease actually existed. Contrary to Mrs. Matei's suggestion, neither the Federal Aviation Act, nor Illinois law, required that the terms of the lease or bailment be set out in a formal written contract. *See Kirby v. Chicago City Bank & Trust Co.*, 82 Ill.App.3d 1113, 38 Ill.Dec. 489, 492, 403 N.E.2d 720, 723 (1 Dist.1980); *Berglund v. Roosevelt University*, 18 Ill.App.3d 842, 310 N.E.2d 773, 775–76 (1 Dist.1974). The fact that the insurance company may have paid out under the policy despite the absence of a written lease neither proves nor disproves the existence of a written lease. In all likelihood, it did not question Hansel's right to recovery.

So too, we find no support for Mrs. Matei's claims in Hansel's answers to her interrogatories or in his deposition. Mrs. Matei contends that these documents clearly establish that the aircraft lighting system was defective when Hansel transferred possession of the aircraft to Prompt Air in March 1986, and that Hansel retained continuous and substantial control over the aircraft. To the contrary, while they show that Fairfield Aviation, the prior lessee, reported on January 24, 1986 that the instrument post light "dimming" was inoperative due to a burned out transistor, Fairfield also indicated that replacement parts had been ordered. While the record does not indicate whether the parts were actually received and the transistor replaced prior to April 16, 1986 (when

Prompt Air replaced the dimmer switch transistor), the log books and maintenance records indicated that on February 13, 1986, the aircraft was inspected by FAA certified personnel as part of a 100–hour inspection and was found to be in an airworthy condition. The evidence also shows that Hansel piloted the aircraft himself on March 16, 1986 before transferring possession to Prompt Air and found the instrument and control lighting circuits to be in good working order. A fact which is confirmed by the president of Prompt Air, Scott Filine.

As the district court correctly pointed out, "[m]erely alleging a factual dispute cannot defeat [a] summary judgment motion." *Samuels v. Wilder,* 871 F.2d 1346, 1349 (7th Cir.1989). Under Fed.R.Civ.P. 56(e), Mrs. Matei was required to come forth with evidence to show that material facts were in actual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Harris v. City of Zion, Lake County, Ill.,* 927 F.2d 1401, 1407 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 3054, 120 L.Ed.2d 920 (1992). She has failed to do so. There is nothing in the record which would even arguably support Mrs. Matei's assertion that Hansel retained possession or control of the aircraft at the time it crashed, or that he had any knowledge of the defects which she contends were the proximate cause of her husband's death. Her accusations of an alleged conspiracy between Hansel, Prompt Air and the insurer of the aircraft to circumvent the law have no basis in fact, and are accordingly stricken from the record.[2]

**B. THE SPECIAL INTERROGATORIES**

■ Mrs. Matei's second assignment of error involves the special interrogatories which were submitted at the end of the second trial. Mrs. Matei contends that the interrogatories misstated the law of strict liability in Illinois, failed to identify the defective conditions which made the aircraft unreasonably dangerous, and confused the jury. Unfortunately, her objections come too late.

"In order to appeal a special interrogatory submitted to the jury under Rule 49(a) of the Federal Rules of Civil Procedure ... a party must make a specific objection to the proposed interrogatory ... prior to the retiring of the jury."[3] *Pielet v. Pielet,* 686 F.2d 1210, 1217 (7th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 733, 74 L.Ed.2d 957 (1983). *See also, Putnam Resources v. Pateman,* 958 F.2d 448, 457 (1st Cir.1992); *Matter of Innovative Const. Systems, Inc.,* 793 F.2d 875, 882 (7th Cir.1986). The same is true with respect to any instruction or explanation the court may have given with respect to the special interrogatories. Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."); *Fisher v. Krajewski,* 873 F.2d 1057, 1065 (7th Cir.1989), *cert. denied,* 493 U.S. 1020, 110 S.Ct. 719, 107 L.Ed.2d 738 (1990) (objection to proposed jury instruction waived "unless the appellant objected on the record in the district court and clearly stated the reasons for the objection").

While the transcript of the instruction conference shows that plaintiff's counsel objected to the fact that the district court was

---

**2.** On February 9, 1994, Hansel filed a motion to strike portions of the plaintiff's initial brief and her reply brief contending that the arguments raised therein were frivolous. Hansel also sought monetary sanctions under Fed.R.App.P. 38, and dismissal of the appeal. While we find plaintiff's arguments unpersuasive, we are not convinced that the appeal as a whole is frivolous, and accordingly DENY the motion for sanctions and for dismissal. The motion to strike pages 23–25 of the reply brief is, however, GRANTED. We cannot condone, and will not tolerate, the unfounded and unprofessional accusations made by plaintiff's counsel with respect to the defendant's character and credibility.

**3.** Fed.R.Civ.P. 49(a) provides that:

... The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue [of fact]. *If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury* ... (Emphasis added).

going to submit the special interrogatories, rather than general verdict forms, he did not raise any substantive objections to the interrogatories themselves or to the instructions which accompanied them at the conference or at any time before the jury retired to deliberate. Under the circumstances, the objections are waived.

## C. DISCOVERY SANCTIONS AND CESSNA'S BILL OF COSTS

In its cross-appeal, Cessna challenges the district court's denial of its motion for discovery sanctions under Fed.R.Civ.P. 37 and 28 U.S.C. § 1927, and its bill of costs under Fed.R.Civ.P. 54(d). We review both for an abuse of discretion. *See AHP Subsidiary Holding Co. v. Stuart Hale Co.,* 1 F.3d 611, 620 (7th Cir.1993); *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 221–22 (7th Cir.1988); *Wojan v. General Motors Corp.,* 851 F.2d 969, 974 (7th Cir.1988).

### (1) Discovery Sanctions

■ A district court has broad discretion in deciding whether a violation of the rules of discovery warrants the imposition of sanctions. *Scaggs v. Consolidated Rail Corp.,* 6 F.3d 1290, 1295 (7th Cir.1993); *AHP Subsidiary Holding Co.,* 1 F.3d at 620. In the present case, Judge Will found that it did not.

■ Judge Will's reasons for denying Cessna's motion for sanctions were thoroughly discussed in his memorandum and order of June 15, 1993. Briefly summarized, he found that sanctions were not warranted under 28 U.S.C. § 1927 because there had been no showing of bad faith on the part of plaintiff's counsel; that any violation of Rule 26 which may have occurred did not significantly prejudice Cessna; and that imposition of Rule 37

sanctions would be unjust under the circumstances. His findings are amply supported by the record. Indeed, Judge Nordberg, who presided over the first trial, expressly found that bad faith was not at issue. While he was reluctant to go to the extreme measure of granting a mistrial, he felt that a mere continuance to allow additional time for discovery would be insufficient. The mistrial afforded Cessna the opportunity it needed to rebut the experts' testimony, and avoided any possible prejudice which may have resulted from plaintiff's failure to supplement the answers to Cessna's interrogatories. The additional time and efforts Cessna expended in preparing to rebut the plaintiff's evidence would have been required even if plaintiff had complied in all respects with Fed.R.Civ.P. 26. Under the circumstances, we would be hard-pressed to find the denial of discovery sanctions an abuse of discretion.

### (2) The Bill of Costs

■ The final issue presented on appeal is whether Cessna, as a prevailing party, was entitled to recover its costs. Cessna contends that it was; that its bill of costs was filed within the time limit proscribed by Local Rule 45(a); and that the district court abused its discretion in denying it its costs as a prevailing party. We disagree.

The timing of Cessna's bill of costs, however, was not the dispositive issue in the trial court. It is undisputed that Local Rule 45(a) requires the prevailing party to file its bill of costs within thirty days of the entry of judgment, and that Cessna's motion was timely filed.[4] So too, we need not decide whether the district court abused its discretion in denying Cessna its costs, for Cessna effectively waived its claim for costs when it failed to file a motion to alter or amend the judgment within the ten days provided under Fed.R.Civ.P. 59(e).

---

4. We note, however, that contrary to Cessna's assertion, its bill of costs was *not* timely filed. Rule 45(a) of the Local Rules of the Northern District of Illinois provides that: "Within thirty (30) days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs *with the clerk* ... If the bill of costs is not filed within the thirty days, costs ... shall be deemed waived..." (Emphasis added). While the record reflects that Cessna's bill of costs was "received" in Judge Will's chambers on May 17, 1993 (the date Cessna claims the bill was filed), it

was not filed with the clerk until May 20, 1993, and was therefore untimely. Cessna assumed the risk of a late filing when it waited until the last hour to submit its bill of costs, and incorrectly assumed that the district court would forward its bill to the Clerk's office for filing. Local Rule 45(a) requires "the prevailing party", not the court's staff, to file its bill of costs. Had the district court been so inclined, it could have denied Cessna's bill of costs as untimely. It did not, and the plaintiff does not challenge the timeliness of the filing.

Judge Will orally directed at the close of the proceedings that judgment would be entered for defendant Cessna *without costs.* Cessna neither objected to the court's ruling at the time it was made, nor asked for an explanation. The written judgment which followed, however, contained a clerical error and omitted the court's ruling with respect to costs. Citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219 (7th Cir.1988) for the proposition that a judgment silent as to costs should be construed as a judgment allowing costs, Cessna attempts to persuade us that it was entitled to costs as a matter of law. Its efforts are of no avail, and indeed border on offensive.

Contrary to Cessna's argument, *Congregation of the Passion* does *not* hold that every time a judgment is silent as to costs, an award of costs to the prevailing party must be presumed. An award of costs will be presumed in such cases only when "the district court has not 'otherwise directed.'" *Congregation of the Passion,* 854 F.2d at 221. *See* Fed.R.Civ.P. 54(d) ("costs shall be allowed as of course to the prevailing party, unless the [district] court otherwise directs"). It is undisputed in the present case that the district court directed that judgment would be entered *without costs.* Cessna did not object at the time the ruling was made, nor did it file a timely motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment with respect to costs.[5] Its claim is therefore waived.

## II. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

**5.** The motion to reconsider which Cessna ultimately filed on July 13, 1993 fell well outside the ten days proscribed by Rule 59(e) and was properly denied as untimely. That the motion may have been brought under Fed.R.Civ.P. 60(b) does not dictate a contrary conclusion. "[S]ubstantive motions served from the eleventh day on must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)—they

cannot be general pleas for relief." *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). *See also, Landau & Cleary, Ltd. v. Hribar Trucking, Inc.,* 867 F.2d 996, 1001 (7th Cir.1989) (party who sought relief from judgment on grounds not listed in Rule 60(b) waived any rights he may have had under that Rule). Cessna does not contend that its motion to reconsider was premised on any of the grounds listed in Rule 60(b).