RICHARD C. BERGLUND, Plaintiff-Appellee, *v.* ROOSEVELT UNIVERSITY, Defendant-Appellant.

(No. 58328;

First District (3rd Division)—March 21, 1974.

Robert J. Gorman, of Chicago, for appellant.

William Parker Ward, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Richard C. Berglund, filed suit in the circuit court of Cook County seeking damages in the amount of $3,819.75 against defendant, Roosevelt University, for the loss of plaintiff's photographic equipment

stored on defendant's premises. The action was grounded on two separate legal theories, breach of an implied bailment contract and negligence. After a bench trial, the trial court, apparently relying on the theory of implied bailment, entered judgment for the plaintiff in the amount of $1,789.15, from which defendant appeals. Plaintiff has filed a cross-appeal, contending that the damages awarded were inadequate.

In the fall of 1971, plaintiff was a full-time student at Roosevelt and also served as a photographer and editor of the student newspaper. Besides expending money for plaintiff's salary and the paper's printing and operating expenses, defendant furnished the paper with an office and photographic space, including photo developing equipment for the darkroom. The Roosevelt building housed the paper's editorial office on the fourth floor and the business manager's office and photo darkroom on the seventh floor. In order to reach the darkroom, one had to enter a door leading from the hall corridor to the business manager's office, pass through that office, and enter a second door leading into the darkroom. The school had adopted a master-lock system with special keys unable to be duplicated by ordinary locksmiths.

An unlocked, wooden, four-drawer, filing cabinet was in the darkroom. Plaintiff testified that, as had his predecessors on the paper, he used one of the cabinet drawers to store his personal camera equipment. Plaintiff did not request or obtain permission from anyone connected with the defendant's administration to store his camera equipment in the darkroom or in the cabinet. Although the security director testified that it was normal practice for a student who wished to bring personal property on the premises to obtain permission from the security director's or comptroller's office, plaintiff made no such request. Plaintiff testified that he had utilized some of the stored equipment for activities unrelated to his duties as the paper's photographer and that some of the materials stored were for his own use.

Plaintiff testified that he locked the darkroom door at 10:30 P.M., Friday, October 29, 1971. When he returned to the room on the following Monday morning, he discovered his camera equipment missing.

Testimony was adduced concerning defendant's security measures used to safeguard its approximately 7,000 students and 130 to 200 rooms. The defendant maintains security guards at the entrances to the building, with one guard patrolling the corridors. Late in the evening the guards lock the street doors and see to it that everyone is sent outside. After the guards leave, the 28-member cleaning staff acts as a security force. No one is ever permitted to remove property from the building without a written pass. Everyone associated with the school carries an identification card. Plaintiff characterized the security force as being

composed of obese middle-agers who were rarely observed outside the lobby of the building. Many thefts had occurred in the building. Plaintiff was aware that a theft had occurred in the business manager's office only a few weeks before the instant theft.

At the close of all the testimony the trial court found that a bailment relationship had existed between the plaintiff as bailor and defendant as bailee. In entering judgment for the plaintiff, the court implicitly found that the defendant had been negligent and had breached the bailment contract. The trial judge entered judgment for an amount less than that sought by plaintiff because he believed that not all of the camera equipment stored by plaintiff related to his duties as the school paper's photographer.

Before considering the issue of whether plaintiff established the existence of a bailment relationship between himself and the defendant, we note that the trial court did not specify whether it perceived the plaintiff as having acted in the capacity of student or employee. Although plaintiff appears to emphasize his status as a student rather than employee, we do not believe that an exact determination of his status is helpful or necessary in deciding the existence of a bailment relationship. Under proper circumstances, such a relationship can be established between a student and school and betweeen an employee and employer. We need only decide whether a bailment relationship was established under the facts and circumstances of the present case.

■■ Bailment is defined as the rightful possession of goods by one who is not an owner. The characteristics common to every bailment are the intent to create a bailment, delivery of possession of the bailed items, and the acceptance of the items by the bailee. (*Wall v. Airport Parking Co.* (1967), 88 Ill.App.2d 108, 232 N.E.2d 38.) A bailment can be established by express contract or by implication, with the latter designated as implied-in-fact or implied-in-law. (*Chesterfield Sewer & Water v. Citizens Insurance Co.* (1965), 57 Ill.App.2d 90, 207 N.E.2d 84.) In determining the existence of an implied-in-fact bailment, one must analyze the facts surrounding the transaction, such as the benefits to be received by the parties, their intentions, the kind of property involved, and the opportunity of each to exercise control over the property. *Wall v. Airport Parking Co.* (1969), 41 Ill.2d 506, 244 N.E.2d 190.

In the present case, plaintiff attempted to show that an implied-in-fact bailment had arisen between the parties. It is clear, however, that the failure of the plaintiff to prove any knowledge on the part of the defendant of the storage of the items doomed this attempt.

■■ Knowledge on the part of the bailee is essential to prove proper delivery and acceptance. Physical control over the property allegedly

bailed and an intention to exercise that control are needed to show that one is in possession of the bailed item. (Smith, C. & Boyer, R., *Survey of the Law of Property*, ch. 29, p. 462 (2d ed., 1971).) And before acceptance can be inferred on the part of the alleged bailee of the goods purportedly bailed, there must be evidence to show notice or knowledge on the part of the bailee that the goods are in fact in his possession. (See *T. R. Booth & Co. v. Loy* (1968), 100 Ill.App.2d 333, 241 N.E.2d 315; 4 Williston, *Contracts* § 1038A, pp. 2900-2902 (rev. ed., 1936).) Yet in the present case defendant's consistent denial of having any knowledge that plaintiff had stored his camera equipment on the premises is supported by plaintiff's own testimony. Although normal procedure required plaintiff to seek permission of certain agents of defendant to store his property on the premises, plaintiff never bothered to do so. The record also fails to disclose any evidence by which knowledge could be imputed to any of defendant's agents. Miss Elaine Davis, defendant's student activities coordinator, had occasional conversations with plaintiff. She also observed him on occasion at school functions while he was performing his photographic duties, and once admired his cameras. Certainly these facts fail to impute the necessary knowledge to Miss Davis or to defendant. Nor does the fact that prior student paper photographers may have similarly stored their equipment in the darkroom, without more, prove knowledge on the part of defendant. The record also reveals that defendant's security officers never exercised any degree of intentional control over plaintiff's goods. We conclude that plaintiff's failure to prove knowledge on the part of defendant of the goods stored resulted in his inability to prove a valid delivery of the camera equipment and a true acceptance of the goods by defendant. The trial court erred in holding to the contrary. Our holding on this issue obviates the necessity of considering whether defendant was negligent in its capacity as bailee.

The second count of plaintiff's complaint sounded in tort for negligence, whether or not a bailment relationship existed. However, this count is essentially bottomed upon the first count. Having failed to prove that the defendant had any knowledge of plaintiff's storage of the camera equipment, plaintiff can point to no duty owed to him by the defendant. The second count cannot support a judgment.

In view of our holding, it is unnecessary to consider plaintiff's argument that the damages awarded were inadequate.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

DEMPSEY and MEJDA, JJ., concur.