2016 IL App (1st) 151231
No. 1-15-1231
Opinion filed March 29, 2016
Modified Upon Denial of Petition for Rehearing May 3, 2016

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LONGO REALTY, | ) | Appeal from the Circuit Court of Cook County. |
| Platiniff-Appellant, | ) | |
| v. | ) | No. 14 M3 430 |
| MENARD, INC., | ) | The Honorable Sandra Tristano, Judge, presiding. |
| Defendant-Appellee. | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Neville and Simon concurred in the judgment and opinion.

**OPINION**

¶ 1   Longo Realty ordered tile from Menard, Inc., for a home renovation project. Menard notified Longo Reality that the tile was available, should be picked up immediately, and would not be held for a customer. About a year elapsed before Longo went to pick up the order. Menard informed Longo that the tile was no longer in stock and issued a refund in the form of a store credit. A few months later, while shopping in a Menard store, Longo saw similar looking tile to what had been ordered, although its stock number differed and it cost more. Longo asked

Menard for the more expensive tile at no additional cost to replace the out of stock tile. Menard declined, but offered to sell it for the difference in price.

¶ 2    Dissatisfied, Longo filed this lawsuit alleging bailment and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2012)). (Longo is an attorney and was counsel in the trial court and on this appeal. Some of Menard's exhibits identify the customer as "Longo Realty" and some as Joe Longo, although the address for both is the same. "Longo" refers to the plaintiff, Longo Realty.) The day before trial, Longo moved to add a conversion claim. The trial court denied the motion. The day after the bench trial, Longo moved for sanctions against Menard, alleging false representations at trial and in pretrial discovery and also moved to amend the complaint to add a replevin claim. The trial court entered judgment for Menard and denied Longo's posttrial motions.

¶ 3    Longo contends the trial court erred in: (i) entering judgment in Menard's favor on the bailment and Consumer Fraud Act claims; (ii) denying its motions to amend the complaint; and (iii) refusing to impose sanctions. We affirm.

¶ 4    Longo did not enter into an express or implied agreement creating a bailment, and had no basis for believing that the tile would be held indefinitely. Menard gave Longo a "picking list" at the time of purchase notifying Longo in bold lettering, "[p]roduct is not held for a specific guest, but instead is available to the buying public on a first-come first-served basis" and "[f]ailure to take your merchandise with you may result in it not being available at a later date." Regarding the addition of a conversion claim, it would have been futile for the trial court to have granted the motion because Longo could not have satisfied the elements of the claim. Longo would have to prove Menard's wrongful assumption or control of Longo's personal property which it cannot

do. Finally, we have no adequate basis for concluding the trial court abused its discretion in denying sanctions without a transcript of the trial testimony.

¶ 5                                                    BACKGROUND

¶ 6        Between January and May 2012, Longo Realty was renovating a home and purchased multiple quantities of marble tile from various Menard stores in the Chicago area. The tile, identified by stock number, sold for $1.99 per tile. On January 14, 2012, Longo ordered 380 tiles from Menard's store in Long Grove, paid for the tile and was given a "picking list," a document Menard uses to pull purchased items from its inventory. The picking list in all capital letters and in bold states, "TO AVOID PRODUCT NOT BEING AVAILABLE ON A LATER DATE PLEASE PICK UP ALL MERCHANDISE TODAY, THANK YOU." And continues as follows:

> "This is a quote valid today. Upon payment this quote becomes a yard picking list subject to the terms and conditions below. Quantities listed above may exceed quantities available for immediate pickup. Product is not held for a specific guest, but instead is available to the buying public on a first-come first-served basis. Please pick up purchases made on this picking list immediately. Failure to pick up products on this picking list today will result in additional charge to you, if on the day of pickup, the retail price of the products are higher than on the day purchased. Menard's liability to you is limited to refunding your original purchase price for any product not picked up."

¶ 7        Menard's return policy, which is listed on its receipts and at its customer service desk, provides "Returns with a receipt after 90 days of purchase: in-store credit will be issued for the original purchase price."

¶ 8        On the picking list corresponding to the tile Longo purchased, Dianne Mork, the assistant manager of the store's flooring department, wrote, "Your tile is pulled and off our sales floor!"

¶ 9        Not until the summer of 2013, when the renovation project was nearly complete, did Longo contact Menard's Long Grove store and ask for the tile. The flooring manager informed Longo that the tile had been discontinued, that all of the stores in the area were sold out and would not be receiving any more. Menard mailed an in-store credit to Longo in the amount of the original price of the tile.

¶ 10       In January 2014, Longo was in a Menards store and saw tile that appeared similar to the tile purchased in 2012. The tile, which the store began carrying in early 2014, had a different stock number, a different manufacturer, and was more expensive than the tile Longo had purchased. Longo wanted the new tile at the price of the out of stock tile. The store's flooring department manager said he would ask the store manager. A few weeks later, Menard told Longo the price differential would have to be charged.

¶ 11       On February 14, 2014, Longo filed a two-count complaint against Menard alleging bailment (count I) and violation of the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2012)) (count II). In count I, Longo alleged Menard lulled him into believing it was holding the tile Longo purchased in January 2012, as a bailment until Longo was ready for the tile to be delivered, and that Menard improperly and without notice, sold the tile to another customer while keeping Longo's money for two years. In count II, Longo alleged Menard's practice of selling the tile Longo paid for to another customer without notice was an unfair, fraudulent, and deceptive practice under the Consumer Fraud Act. Longo also alleged Menard violated the Consumer Fraud Act by refusing to deliver the same or similar tile that it had in stock unless Longo paid more money. Longo requests Menard deliver the original tile or nearly identical tile, or

alternatively, pay for the cost and labor of removing the existing tile and replacing it with different tile. Longo also regards Menard's practices as unfair and deceptive, as well as seeks punitive damages, attorney fees, and costs.

¶ 12     Menard filed an answer and raised affirmative defenses asserting that Longo failed to state a claim for which relief can be granted, failed to mitigate damages, and had no damages because Menard had issued a refund for the tile. Longo filed a motion to strike Menard's affirmative defenses. Menard did not respond, and the court granted Longo's motions as to the first and second affirmative defenses but denied the motion as to the third affirmative defense.

¶ 13     The day before trial, Longo moved to amend its complaint to add a claim of conversion. The trial court denied the motion. After a bench trial, Longo filed two motions—a motion to amend the complaint to add a replevin claim and motion for sanctions for defendant's false statements during trial.

¶ 14     The trial court entered judgment in Menard's favor for the reasons stated in open court. In lieu of a report of trial proceedings, the parties entered an agreed order stating, in part, that the trial court found that a bailment requires clear terms and that the court will not imply a bailment existed based on the Menard employee's handwritten note on the picking list stating "Your tile is pulled and off the floor!" Instead, the court held that the printed language on the picking list controlled and that Longo did not possess the tiles, though paid for, until the order had been picked up. The court also held that Menard's reselling the tile when Longo failed to get it did not violate the Consumer Fraud Act. The court denied Longo's motion for sanctions and its motion to amend the complaint to add the replevin claim.

¶ 15                                                    ANALYSIS

¶ 16          As a preliminary matter, we address Longo's motion to strike all or part of Menard's brief for failing to comply with certain supreme court rules. Specifically, Longo's motion contends (i) Menard violated Supreme Court Rule 341(h)(6) (eff. Jan. 1, 2016) by not including appropriate references to the pages of the record on appeal in its statement of facts and (ii) Menard violated Supreme Court Rule 342(a)(3) (eff. Jan 1, 2005), because the appendix to its brief was not numbered consecutively with the letter "A" preceding the number of each page and because it includes exhibits without citing to the record on appeal. We agree that Menard's brief is deficient in certain respects, but because that was due, in large part, to Longo's failure to include certain documents from the trial in its record on appeal and because the deficiencies did not hinder our review, we decline to strike the brief.

¶ 17          Illinois Supreme Court Rule 341(h)(6) (eff. Jan. 1, 2016) provides that a brief's statement of facts "shall contain the facts necessary to an understanding of the case *** with appropriate reference to the pages of the record on appeal ***. Exhibits may be cited by reference to pages of the abstract or of the record on appeal or by exhibit number followed by the page number within the exhibit, *e.g.*, Pl. Ex. 1, p. 6." Here, rather than citing to the record on appeal, Menard's statement of facts cites to exhibits, which are included in its appendix. Although reference to the exhibits in the record on appeal would have been referable, Menard could not do so because Longo did not include them in the record on appeal. Including them in the appendix and citing to the appendix in the statement of facts was sufficient to permit us to review the issues at hand. Similarly, although Menard failed to consecutively number its appendix or to include an "A" before each page number, as required by Rule 342(a)(3) (eff. Jan 1, 2005), this error was not so significant as to prevent us from reviewing the issues.

¶ 18     We caution that the rules of procedure for appellate briefs are rules, not mere suggestions, and it is within our discretion to strike a brief and dismiss an appeal for failure to comply with the rules. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. But, where, as here, a brief is adequate in most respects and the deficiencies do not hinder our ability to review the issues at hand, we will not strike it. See *Spangenberg v. Verner*, 321 Ill. App. 3d 429, 432 (2001) (declining to strike brief where it complied with the rules in other ways and none of the violations were so flagrant as to hinder or preclude review).

¶ 19     Turning to the merits, Longo contends the trial court erred in entering judgment in Menard's favor on its bailment and Consumer Fraud Act claims. Longo argues for *de novo* review, but "[w]hen a challenge is made to a trial court's ruling following a bench trial, the proper standard of review is whether the trial court's judgment is against the manifest weight of the evidence." *Carey v. American Family Brokerage, Inc.*, 391 Ill. App. 3d 273, 277 (2009). "A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on evidence." *Judgment Services Corp. v. Sullivan,* 321 Ill. App. 3d 151, 154 (2001).

¶ 20                                          Bailment

¶ 21     "A bailment is the delivery of property for some purpose upon a contract, express or implied, that after the purpose has been fulfilled, the property shall be redelivered to the bailor, or otherwise dealt with according to his [or her] directions, or kept until he [or she] reclaims it." *American Ambassador Casualty Co. v. City of Chicago*, 205 Ill. App. 3d 879, 881 (1990). To recover under a bailment theory, the plaintiff alleges: (1) an express or implied agreement to establish a bailment; (2) delivery of the property in good condition; (3) the bailee's acceptance of

the property; and (4) the bailee's failure to return the property or the bailee's redelivery of the property in a damaged condition. *Id*.

¶ 22    Bailment involves a consensual relationship (*St. Paul Fire & Marine Insurance Co. v. Chicago Union Station Co.*, 253 F.2d 441 (7th Cir. 1958), *cert. denied*, 358 U.S. 830 (1958)) created by an express contract or implication of law. *Berglund v. Roosevelt University*, 18 Ill. App. 3d 842, 844 (1974). An implied-in-fact bailment depends on the surrounding facts, including benefits received by the parties, the parties' intentions, the kind of property involved and the opportunity of each party to exercise control over the property. *Id*. A *prima facie* case of bailment gives rise to a presumption of the defendant's negligence. *Magee v. Walbro, Inc.*, 171 Ill. App. 3d 774, 778 (1988). The defendant then presents sufficient evidence to support a finding that the presumed fact did not exist and the defendant was free from fault. *Id*.

¶ 23    Longo contends that when the Menards' store assistant flooring manager wrote on the picking list that "Your tile is pulled and off our sales floor!," Menard acknowledged that the tile exclusively belonged to Longo, would not be sold to anyone else, would be stored as part of a bailment "until further direction from the plaintiff or until the plaintiff reclaimed them." We disagree. As Menard acknowledges, the tile was indeed removed from the sales floor and Longo was advised that it was available to be picked up. Presumably, for at least a short time, the store would not sell the tile to another customer. But, Longo presents no evidence of an express or implied agreement that the store would keep the tile indefinitely and until Longo decided to claim it, which turned out to be more than a year later. Indeed, the language on the picking list leads to the exact opposite conclusion.

¶ 24    Longo asserts that the picking list language conflicts with the assistant flooring manager's handwritten note and that because handwritten language supersedes boilerplate (*Perry v. Estate*

*of Carpenter*, 396 Ill. App. 3d 77, 84 (2009)) and ambiguities are held against the drafter, the trial court erred in ruling in Menard's favor on the bailment claim. *Dowd & Dowd, Ltd. v Gleason*, 181 Ill. 2d 460, 479 (1998). The handwritten note and the printed form do not conflict, however, nor is the language ambiguous. The note indicates that the tile was pulled from the sales floor, but it does not state the store would hold it for any given time or, as Longo contends, "until further direction," or that it would not sell the product to another customer.

¶ 25      Longo also contends that once paid for, the tile became its property and Menard could not later sell it to another customer. Again, the language of the picking list controls. It states, "[u]pon payment this quote becomes a yard picking list subject to the terms and conditions below. *** Product is not held for a specific guest, but instead is available to the buying public on a first-come first-served basis. Please pick up purchases made on this picking list immediately." Hence, Menard advised Longo that despite having paid for the tile, it should immediately pick up the merchandise or it could be sold on a first-come first-served basis. The handwritten note stating the tile had been pulled from the sales floor does not contradict this language. Thus, absent evidence of an express or implied agreement to create a bailment, the trial court did not err in entering judgment in Menard's favor on this count.

¶ 26                    Consumer Fraud and Deceptive Business Practices Act

¶ 27      Because, again, we consider a trial court's ruling following a bench trial, the claim under the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 2012)), we apply the manifest weight of the evidence standard. *Carey*, 391 Ill. App. 3d at 277.

¶ 28      A cause of action under the Consumer Fraud Act pleads: (1) a deceptive practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the deception occurred in the course of trade or commerce. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d

403, 417 (2002). A plaintiff may allege that conduct is unfair under the Consumer Fraud Act without alleging that the conduct is deceptive. *Id*. A defendant's conduct is unfair if it (1) offends public policy; (2) is so oppressive that the consumer has little alternative but to submit; and (3) causes substantial injury to consumers. *Id.* at 417-18. Not all three criteria need be met for a practice to be deemed unfair (*id.* at 418), but the complaint has to include specific facts supporting each element of the claim. *Demitro v. General Motors Acceptance Corp.*, 388 Ill. App. 3d 15, 20 (2009).

¶ 29       Longo asserts Menard acted deceptively by (i) including the handwritten note on the picking list because "the defendant intended that the plaintiff rely on defendant's representation that the plaintiff's goods were the plaintiff's" and would not be sold to another customer and (ii) telling Longo in summer 2013 that the tile was no longer available even though it presumably knew that the identical tile would be in stock in January 2014.

¶ 30       The handwritten note indicates that the tile Longo purchased was ready to be picked up, but did not state or suggest, as Longo contends, the store would keep the tile until Longo was ready to install it. Indeed, as noted, the picking list states the opposite. Further, we agree with Menard that no deception occurred because Menard had no reason to suspect Longo would not pick up the tile shortly after notification of its availability, as it had in the past, and because Menard told Longo it was entitled to a refund.

¶ 31       As to Longo's second contention, the record does not support its assertion that when a Menards' store employee told Longo in 2013 that the tile was discontinued the employee knew similar tile would be stocked in 2014. Nor does the record support the contention that the tile was "identical" to the tile purchased. Different stock numbers, different manufacturers, and different prices reveals that the tiles, at most, may be similar, but are by no means identical. Moreover,

even if the tile Longo ordered in 2012 matched the tile the store stocked in 2014, the picking list advises customers that "[f]ailure to pick up products on this picking list today will result in additional charge to you, if on the day of pickup, the retail price of the products are higher than on the day purchased." Thus, Menard's policies—stated plainly on the picking list—do not qualify as unfair.

¶ 32 Longo next contends the trial court erred in finding that Menard's picking list effectively constituted a waiver of Longo's rights under the Consumer Fraud Act. Longo argues that contractual documents are not relevant in fraud causes (*Ginsburg v. Bartlett*, 262 Ill. App. 14 (1931)), and thus, the trial court erred in relying exclusively on Menard's boilerplate language rather than its handwritten note. Longo also maintains the trial court failed to liberally interpret the Consumer Fraud Act so as to protect consumers. According to Longo, the trial court construed the Consumer Fraud Act strictly by looking only at the picking list and not the "totality of the facts and circumstances," including the handwritten note and Menard's failure to have a policy of expressly telling consumers it will sell products after a specified number of days.

¶ 33 The record belies this argument. The trial court considered the documentary evidence, including the picking list and the handwritten note, and heard from several witnesses before concluding that Longo had no claim under the Consumer Fraud Act. These are credibility determinations. After an evidentiary hearing involving fact-finding and credibility determinations, the trial court's decision will not be reversed "unless it is manifestly erroneous." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). Longo fails to present evidence showing the trial court's findings of fact or credibility determinations are manifestly erroneous.

¶ 34 Longo argues the trial court failed to consider whether Menard's conduct was unfair, rather than deceptive. As noted, in Illinois, a plaintiff can establish a violation of the Consumer

Fraud Act by proving that the defendant acted deceptively *or* engaged in unfair acts and practices. Longo contends the Consumer Fraud Act makes it an unfair practice for Menard to sell the tile to a different customer after Longo failed to pick it up and to tell Longo the tile was out of stock when had identical tile in 2014.

¶ 35    The picking list, stated that "[p]roduct is not held for a specific guest, but instead is available to the buying public on a first-come first-served basis" and "[f]ailure to take your merchandise with you may result in it not being available at a later date." And the handwritten note, confirming that the tile had been pulled from the sales floor, does not contradict that printed statement of the store's policy. Longo had no basis for believing that the merchandise would be held indefinitely rather than sold to another customer. Nor is there anything to suggest Menard's conduct offends public policy or is "so oppressive" that Longo had little alternative but to submit. Thus, we agree with the trial court that Longo has failed to prove that Menard's conduct was deceptive or unfair.

¶ 36                                Motion to Amend the Complaint

¶ 37    Longo argues the trial court erred in denying its two motions to amend the complaint—one filed the day before the trial started asking for leave to add a count of conversion and one filed after trial seeking to add a count of replevin.

¶ 38    "Whether to allow an amendment of a complaint is a matter within the sound discretion of the trial court, and, absent an abuse of that discretion, the court's determination will not be overturned on review." *Village of Wadsworth v. Kerton*, 311 Ill. App. 3d 829, 842 (2000). "An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court." *Keefe-Shea Joint Venture v. City of Evanston*, 364 Ill. App. 3d 48, 61 (2005). The trial court should liberally exercise its discretion to allow amendments if doing so would

further the ends of justice. *Cantrell v. Wendling*, 249 Ill. App. 3d 1093, 1095 (1993). In deciding to grant an amendment, a court considers whether the amendment would prejudice or surprise the opponent, cure a defect, create issues of timeliness, and whether the complaint could have been amended earlier. *City of Elgin v. County of Cook*, 169 Ill. 2d 53, 71-72 (1995). An amendment should not be admitted if the movant had full knowledge at the time of the original pleading and presents no excuse for the pleading's inadequacies. *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 48 (1992).

¶ 39    It would have been unfair to Menard for Longo to add a conversion claim a year after filing the complaint and the day before trial, given that Longo could have amended it much sooner. Conversion requires the plaintiff establish by a preponderance of the evidence: (1) the defendant's unauthorized and wrongful assumption of control, dominion, or ownership over the plaintiff's personal property; (2) the plaintiff's right in the property; (3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally; and (4) the plaintiff's demand for possession of the property. *Stathis v. Geldermann*, 295 Ill. App. 3d 844, 856 (1998). Well before the eve of trial Longo had full knowledge of the elements of the claim.

¶ 40    Moreover, permitting Longo to add a conversion claim would not have furthered the ends of justice because Longo could not have satisfied the elements of the claim. Longo would have to prove Menard's wrongful assumption or control of Longo's personal property. As noted, Menard did not act improperly in selling the tiles when Longo failed to timely pick them up or request delivery. Thus, Longo is not able to establish wrongful assumption or control of personal property.

¶ 41    The same applies to Longo's replevin claim. A replevin seeks possession of property that has been wrongfully detained. 735 ILCS 5/19-101, 19-104 (West 2012). In Illinois, replevin is

purely a statutory proceeding. *Gunn v. Sobucki*, 216 Ill. 2d 602, 613 (2005); 735 ILCS 5/19-101 *et seq.* (West 2012). To prevail, a plaintiff recovers on the strength of his or her own title or right to immediate possession. One who has no right to possess the property cannot maintain replevin. *Gunn*, 216 Ill. 2d at 613; see 735 ILCS 5/19-101 (West 2012). Because Menard was not wrongfully detaining Longo's property, Longo has no claim for replevin. Allowing the amendments would not have furthered the ends of justice.

¶ 42                                    Motion for Sanctions

¶ 43      Lastly, Longo sought Rule 137 sanctions against Menard for false statements in its answer to the complaint, responses to Longo's discovery requests, and at trial. Ill. S. Ct. R. 137 (eff. July 1, 2013). Longo asserts that these false statements caused unnecessary litigation and costs.

¶ 44      We review the trial court's ruling on sanctions for an abuse of discretion. *Dowd & Dowd, Ltd.*, 181 Ill. 2d at 487. Due to the penal nature of Rule 137, we construe the rule strictly. *Reyes v. Compass Health Care Plans*, 252 Ill. App. 3d 1072, 1078 (1993).

¶ 45      Longo's primarily contends Menard falsely stated the tile ordered in 2012 and the tile sold in January 2014 that it wanted as a replacement were not identical, and, thus, Menard caused unnecessary litigation. Longo asserts that Menard's general manager and flooring manager testified that the tiles were the same and agreed that if Menard had given Longo the tile in 2014, the litigation could have been avoided.

¶ 46      Menard responds that the flooring manager testified that the tile "appeared identical" and the general manger testified that the tile "appeared similar," not that they were the same. Menard contends that simply because the tiles "appear" identical or similar does not mean they are the same tiles, particularly given that they have different manufacturers, different stock numbers,

and a different price. Menard suggests, at most, the statements or the witnesses' testimony regarding the tile may have been "incorrect" but were not intentionally false.

¶ 47 The appellant has the burden to present a sufficiently complete record to support a claim of error on appeal. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Indeed, "[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch*, 99 Ill. 2d at 391. Where the issue on appeal relates to the conduct of a hearing or proceeding, review requires a report or record of the proceeding. *Webster*, 195 Ill. 2d at 432. Without that record, we presume that the ruling entered by the trial court conforms to the law and has a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391-92. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Absent the transcript, there is nothing to determine whether the trial court abused its discretion. See *id.*

¶ 48 Longo submitted a short report of proceedings, but the trial testimony of the two witnesses at the heart of Longo's contention is neither included nor summarized anywhere in the record on appeal. The importance of this testimony is underscored by plaintiff's repeated references to it in its briefs. Failing to include in the record all of the relevant testimony to establish that Menard's statements were false leaves us with no adequate basis for concluding the trial court abused its discretion in denying sanctions. See *id.* In this situation, we presume the order entered by the trial court conforms to the law and has a sufficient factual predicate. *Id.* at 391-92. We resolve any doubts arising from the record's incompleteness against the movant. *Id.* at 392.

¶ 49 Affirmed.