2026 IL App (1st) 242466-U

No. 1-24-2466

Order filed March 20, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MERSID HALVADZIC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2023 M1 125620 |
| | ) | |
| ELITE SALES AND SERVICE, INC., | ) | Honorable |
| | ) | Jim Ryan |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Oden Johnson and Justice Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where plaintiff failed to present a sufficiently complete record on appeal for our review, we affirm the judgment of the trial court in favor of defendant.

¶ 2    Plaintiff Mersid Halvadzic appeals *pro se* from a trial court order entering judgment, after trial, in favor of defendant, Elite Sales and Service, Inc. On appeal, plaintiff argues that the trial court improperly denied him relief under the Consumer Fraud and Deceptive Business Practices Act (CFDBPA) (815 ILCS § 505/1 *et al*. (West 2024)) and the implied warranties of

merchantability and fitness for a particular purpose. Because plaintiff failed to present a sufficiently complete record on appeal for our review, we affirm.

¶ 3     The following background is derived from the limited record on appeal, which comprises only the common law record.

¶ 4     On November 28, 2023, plaintiff filed a *pro se* small claims complaint against defendant, alleging it owed him $10,000 because it sold him a vehicle with "engine issues." Specifically, plaintiff claimed that on August 22, 2023, he purchased a vehicle from defendant, which represented the condition as "good." While plaintiff drove home, a light on the vehicle indicated inadequate coolant levels. Plaintiff returned the vehicle to defendant the following day. Defendant told him that it could not resolve the coolant issue and that he must return with the vehicle "in a couple days." Before he could return, plaintiff heard a "knocking" sound in the engine. He attempted to return the vehicle again, but defendant refused to accept the vehicle or fix the problem.

¶ 5     Plaintiff alleged that prior to filing suit, he reported defendant's alleged misrepresentations with the Consumer Protection Division of the Office of the Illinois Attorney General. Plaintiff attached to his complaint a letter from the office of the attorney general, informing him it contacted defendant, and providing him a copy of defendant's response. In the response, defendant stated that when plaintiff first dropped off his vehicle due to the coolant issue, defendant told him that both vehicle lifts in its garage were in use, and, when a lift was available, defendant would examine the vehicle. Plaintiff returned and demanded that the issue be fixed immediately. When defendant refused, again citing the occupied vehicle lifts, plaintiff left with his vehicle.

¶ 6     On April 15, 2024, defendant answered plaintiff's complaint, using a standardized form, and denied his substantive allegations. On the same day, defendant also filed a motion to dismiss

pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2024)). In the motion, defendant stated that the vehicle was sold to plaintiff "as is" along with a third-party powertrain warranty. Defendant had acquired the vehicle from auction, where it had no reported mechanical problems. Defendant stated that plaintiff admitted to "pushing" the vehicle to test it as a sport car and was advised that the appropriate party to contact regarding the vehicle's engine issues was the third-party provider. Defendant argued that plaintiff's complaint should be dismissed because he did not prove he was entitled to $10,000 in damages. In the alternative, defendant argued that the doctrine of *laches* would apply because plaintiff did not timely file a claim with the servicer of his third-party powertrain warranty.

¶ 7      On May 3, 2024, plaintiff responded to defendant's motion to dismiss. He argued that defendant knowingly sold him a vehicle with a defective engine, and that defendant's failure to disclose the defect violated the CFDBPA, and the implied warranties of merchantability and fitness for a particular purpose. He also argued that *laches* does not apply because he timely reported the vehicle's issues to defendant and defendant did not suffer any prejudice due to his alleged failure to timely disclose.

¶ 8      On October 9, 2024, defendant filed an amended motion to dismiss that was identical to the initial motion except for an attached exhibit, a copy of the third-party warranty provided to plaintiff for the vehicle.

¶ 9      On October 30, 2024, the trial court entered an order continuing the matter to December 2, 2024, for "trial in person." The court ordered the parties to "bring their evidence for trial on that date."

¶ 10    On December 2, 2024, the trial court entered a trial call order, noting that plaintiff, defendant, and counsel for defendant were present. The court entered judgment for defendant "after trial." Plaintiff timely appealed.

¶ 11    On November 18, 2025, this court entered an order taking the case on the record and plaintiff's *pro se* brief only. *See First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1978).

¶ 12    On appeal, plaintiff, citing *Totz v. Continental DuPage Acura*, 236 Ill. App. 3d 891 (1992), contends the trial court erred in entering judgment in favor of defendant because he presented a valid legal claim that, under the CFDBPA, a seller is liable for not disclosing material defects that affect the safety or value of a used vehicle.

¶ 13    As an initial matter, plaintiff's brief fails to comply with the supreme court rules governing appellate briefs. For example, plaintiff's brief lacks an argument section containing citations to the record on appeal, or to the relevant legal authority to support his claims. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (an appellant's brief must contain a cohesive legal argument with clearly defined issues and citations to relevant authority). Plaintiff's argument section consists, in its entirety, of the claim that the trial court made a mistake by "Applying law (815 ILCS 505/); Implied Warranties (810 ILCS 5/2-314 and 5/2-315) [*sic*]." In addition, although plaintiff's brief contains a short statement of facts, it is argumentative and lacks reference to the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (statement of facts to be stated "accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal").

¶ 14    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality*

*Franchising, Inc*. 321 Ill. App. 3d 509, 511 (2001). "It is well established that this court is not required to search the record to determine what legal issues are involved in an appeal." *Id.* Plaintiff's *pro se* status "does not relieve him of his obligation to comply with appellate rules," nor does his use of a form approved by the Illinois Supreme Court, as compliance with these procedural rules is mandatory. *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶¶ 14-15; *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 15    This court may strike a brief or dismiss an appeal for failure to comply with the supreme court rules. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. However, a reviewing court may review the merits of an appeal despite Rule 341 deficiencies "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief." *Talandis*, 63 Ill. 2d at 133.

¶ 16    That said, meaningful review of the merits of plaintiff's appeal is hindered by the absence of a report of proceedings. Given the deficient record, we cannot address any of plaintiff's claims.

¶ 17    To succeed on appeal, plaintiff must establish that the judgment of the trial court was against the manifest weight of the evidence. *Longo Realty v. Menard, Inc.*, 2016 IL App (1st) 151231, ¶¶ 19, 27. " 'A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, and not based on evidence.' " *Id*. ¶ 19 (quoting *Judgment Services Corp. v. Sullivan*, 321 Ill. App. 3d 151, 154 (2001)).

¶ 18    As the appellant, plaintiff bears the burden to provide a sufficiently complete record to support a claim of error. Ill. S. Ct. R. 321 (eff. Oct. 1, 2020); R. 323 (eff. July 1, 2017); *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39. Absent such a record, we must

presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from the incompleteness of the record must be resolved against the appellant. *Id.* at 392. Where the record on appeal is inadequate to support a claim of error, this court may dismiss an appeal or summarily affirm the trial court's judgment. *Graves*, 2020 IL App (1st) 181516, ¶ 39.

¶ 19    Here, the trial court entered judgment in favor of defendant after trial. The record on appeal does not contain a report of proceedings, nor has plaintiff provided an acceptable substitute such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Although the record reflects that plaintiff filed a proposed bystander's report directly with the circuit court, there is no indication that defendant received the proposed report or that the court certified it. A bystander's report "may not be included in the record unless it is certified by the court or unless the parties stipulate to it." *Midwest Bulder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 655 (2007).

¶ 20    Without a report of proceedings or an acceptable substitute, we lack any knowledge of the evidence, arguments, evidentiary rulings, and objections presented at trial. Therefore, we have no way of determining whether the trial court's judgment was against the manifest weight of the evidence. Thus, the record is insufficient for our review of the merits of plaintiff's appeal. Stated differently, the inadequate record precludes any opportunity for meaningful review of plaintiff's argument that the trial court erred in ruling in favor of defendant on his claim that defendant sold him, and thereafter refused to repair, a defective automobile such that it is liable under either the CFDBPA or, in the alternative, under the implied warranties of merchantability and fitness for particular purpose.

¶ 21    Affirmed.